**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH B. BURTON,

      Plaintiff,                          Civil Action No. 11-cv-14768

      v.                               District Judge Stephen J. Murphy
                                         Magistrate Judge Laurie J. Michelson

J. PARKS, et al.,

      Defendants.

_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR AN IMMEDIATE TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION (DKT. 9)**

Plaintiff Kenneth B. Burton, a prisoner incarcerated at the Central Michigan Correctional Facility ("STF"), brought this 42 U.S.C. § 1983 civil rights case on October 28, 2011 alleging that Defendants Cannefax, Kearney, Bidlack, Bitler, Potts, Keeling, Peters, Stieve and Squier violated his Eighth Amendment rights by denying adequate medical care to treat his back and bladder pain.[1] (Dkt. 1, Compl. at 7.) On December 29, 2011, Plaintiff filed the present Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. 9, Pl.'s Mot. TRO.) Plaintiff incorporates his verified Complaint into the Motion. (*Id*.) The basis for Plaintiff's Motion is a request that Defendants "immediately arrange for an MRI" and provide a different painkiller medication for

---

[1] Plaintiff also alleges that Defendant Parks violated his First Amendment rights by failing to assign two of his twelve grievances proper grievance identifier numbers. (Dkt. 1, Compl. at 20.) However, Plaintiff's present Motion does not address this claim. (Dkt. 9, Pl.'s Mot. TRO.)

Plaintiff.[2] (Dkt. 1, Compl. at 1, 21.) All pretrial matters have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 8.) For the reasons set forth below, this Court finds that Plaintiff has failed to establish a substantial likelihood of success on the merits. Therefore, this Court **RECOMMENDS** that the Motion for Temporary Restraining Order and Preliminary Injunction be **DENIED**.

## I. BACKGROUND

Plaintiff Kenneth B. Burton ("Plaintiff") alleges that he suffers from "extreme and escalating pain" due to a compressed vertebrae, arthritis, spinal degeneration, bladder abstention and kidney stone formation. (Dkt. 1, Pl.'s Compl. at 7). Plaintiff claims that while he was incarcerated at STF, Defendants Cannefax, Kearney, Bidlack, Bitler, Potts, Keeling, Peters, Stieve and Squier failed to provide proper medical care by, among other things, refusing to order an MRI and provide the proper pain medication for him. (*Id.*)

Plaintiff filed twelve grievances regarding his medical care including separate grievances regarding the medications prescribed and the denial of an MRI. (Dkt. 1, Pl.'s Compl. 4-6 and App'x A-O.) Plaintiff attached to his Complaint Step III Responses for ten of the grievances, including the grievances relevant to this Motion. (*Id*. at App'x A-L.)

## II. ANALYSIS

### A. Standard of Review

In determining whether to issue a TRO or preliminary injunction, a court must balance the

---

[2] Plaintiff does not specify what medication he wants Defendants to provide. (Dkt. 9, Pl.'s Mot. TRO.) However, in his Complaint, he states that at a September 19, 2011 Warden's Forum he "raised the issue of why several prisoners were being instructed that pain medications such as Ultram were being removed from the state-wide formulary." (Dkt. 1, Pl.'s Compl.)

following factors:

> (1) Whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; or (4) whether the public interest would be served by issuance of the injunction.

*Rock & Roll Hall of Fame Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Layette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *Winter v. Natural Res. Def. Council*, 505 U.S. 7, 129 S. Ct. 365, 376 (2008). Additionally, the "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Learly v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

Lastly, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland,* 740 F.2d 432 at 438, n.3 (6th Cir. 1984).

### B.     Legal Standards Regarding Plaintiff's Eighth Amendment Claim

Plaintiff alleges that Defendants' approach to his medical treatment constitutes cruel and unusual punishment under the Eighth Amendment. To prevail on this Eighth Amendment claim, Plaintiff must show that Defendants acted with "deliberate indifference to his serious medical needs." *Bowman v. Corrections Corp. of America*, 350 F.3d 537, 544 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference is a "reckless disregard of a

substantial risk of serious harm." *Rumsey v. Michigan Dept. of Corrections*, 327 F. Supp. 2d 767, 777 (E.D. Mich. 2004). "Mere negligence or malpractice is insufficient to establish an Eighth Amendment violation." *Bowman*, 350 F.3d at 544. The inquiry into whether a prison official acted with deliberate indifference has both an objective and subjective component. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). In order to satisfy the objective component, the prisoner must show that the medical need is "sufficiently serious." *Id*. at 702-03 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To satisfy the subjective component, the prisoner must allege facts that show that the prison official had a "sufficiently culpable state of mind." *Farmer* 511 U.S. at 834; *Comstock*, 273 F.3d at 703. Plaintiff must show that the official acted with reckless disregard for a substantial risk to the prisoner, that he drew the inference regarding that risk, and that he disregarded the risk. *Farmer*, 511 U.S. at 836-37

### C.     Plaintiff Cannot Show a Likelihood of Success on the Merits

Plaintiff cannot show a likelihood of success on the merits. At the outset, Plaintiff attaches ten Step III Responses to his Complaint to support his claim that Defendants' approach to his medical treatment constitutes cruel and unusual punishment under the Eighth Amendment.  (Dkt. 1, Pl.'s Compl. at App'x A-O.) To the contrary, however, these materials demonstrate that Plaintiff received regular and arguably adequate medical care. (Dkt. 1., Pl.'s Compl.) Indeed, at most, the records reflect that Plaintiff does not agree with the clinical judgment of the medical professionals at the facility. (Dkt. 1, Pl.'s Compl. at App'x A-C, I-L.) Plaintiff's disagreement "with Defendants' conclusions regarding the specific type of pain medication that is necessary to address Plaintiff's condition and whether an MRI would serve a useful medical purpose" does not establish a likelihood of success on the merits. *See Porter v. Pandya et al.*, No. 09-13511-BC, 2010 U.S. Dist. LEXIS

4

89732 at *6 (E.D. Mich. Aug. 31, 2010) (denying Plaintiff's Motion for Leave to Amend as futile because the record simply reflects "that Plaintiff has been receiving regular care and that Plaintiff simply continues to disagree with Defendants' conclusions regarding the specific type of pain medication that is necessary to address Plaintiff's condition and whether an MRI would serve a useful medical purpose"). Specifically, Plaintiff's desire for an MRI or different or stronger medications does not show that Defendants' medical care constitutes a "reckless disregard for a substantial risk of human harm." *Almond v. Pollard*, No. 11-1555, 2011 U.S. App. LEXIS 19199, 2011 WL 4101460 at *3 (7th Cir. Sept. 15, 2011) (affirming summary judgment in a case involving a prisoner's complaints about the treatment of his back pain, explaining that the prisoner "may disagree with the course of treatment chosen, but that disagreement does not amount to deliberate indifference." (citing *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

Notably, on January 4, 2012, Plaintiff filed a "Motion for Judge Murphy to Take Judicial Notice of Recent Magistrate Report and Recommendation Finding This Prison's System of Medical Care Is So Seriously Inadequate as to Cause Unwarranted Suffering Warranting Injunctive Relief." (Dkt. 10.) In this Motion, Plaintiff cites *Rouse v. Caruso,* No. 06-cv-10961-DT, 2011 WL 918327 at *12, *28 (E.D. Mich. Feb. 18, 2011), as supporting his Motion for TRO. (Dkt. 10.) Plaintiff, however, dramatically mischaracterizes *Rouse*. In *Rouse*, Magistrate Judge Komives denied Defendants' Motion for Judgment on the Pleadings with regard to Plaintiffs' Eighth Amendment claims that specifically alleged that STF is "staffed by only four nurses and no doctors, and that there is no medical staff present after 8 p.m. or on weekends." *Id.* In denying Defendants' Motion for Judgment on the Pleadings, Magistrate Judge Komives made clear: "Whether plaintiffs will be able to prove these allegations is not before the Court, and indeed proof of such a systemic claim

'entails a very heavy burden.'" *Id*. at *12 (citations omitted). Thus, contrary to Plaintiff's assertion, Magistrate Judge Komives did not find STF's "system of medical care . . . so seriously inadequate as to cause unwarranted suffering warranting injunctive relief." *Id*.; (Dkt. 10). Judge Komives simply found that "Plaintiffs' amended complaint sufficiently alleges these types of systemic deficiencies." *Id*. Importantly, Plaintiff has not pled systemic deficiencies in this case. While he has alleged specific deficiencies with regard to his care, these allegations do not create a likelihood of success on the merits of demonstrating deliberate indifference to his medical needs (as opposed to a disagreement regarding his treatment plan).

Given Plaintiff's lack of likelihood of success on the merits, it is not necessary to discuss the other injunction factors in great detail. *Gonzales v. National Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000) ("Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal.").

Regarding irreparable harm, because it appears unlikely, on the current record, that Plaintiff will be able to demonstrate that he has a cognizable constitutional claim, he is not entitled to a presumption of irreparable harm based on the alleged constitutional violation. *See, e.g., Overstreet* 305 F.3d at 578.

As to the remaining factors, whether issuance of the injunction would cause substantial harm to others and whether the public interest would be served by issuance of the injunction, in another prisoner civil rights case involving a request for preliminary injunction, a federal court in this Circuit aptly explained:

> [I]n the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is

> necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).

*Brim v. Galloway*, No. 2:10-cv-64, 2011 U.S. Dist. LEXIS 30072 (W.D. Mich. Jan. 20, 2011). Additionally, issuance of the requested order would have an unduly adverse affect on the ability of correctional medical personnel to exercise their professional judgment in determining the appropriate course of treatment for inmates.

Plaintiff's request for an MRI and for specific medication is, in effect, seeking relief as if he has already prevailed on the merits. But the purpose of a preliminary injunction is to maintain the relative positions of the parties *until* proceedings on the merits can be conducted. *University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981).

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, this Court **RECOMMENDS** that the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction be **DENIED**.

### IV. FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case

Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

Date: January 12, 2012	s/Laurie J. Michelson
	Laurie J. Michelson
	United States Magistrate Judge

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon the parties and/or counsel of record via the Court's ECF System and/or U. S. Mail on January 12, 2012.

	s/J. Johnson
	Case Manager to
	Magistrate Judge Laurie J. Michelson