UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH B. BURTON,

    Plaintiff,

v.

J. PARKS, et al.,

    Defendants.
_____/

Case No. 11-cv-14768

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER ADOPTING THE MAGISTRATE
JUDGE'S  REPORT AND RECOMMENDATION** (ECF No. 12)**,
DENYING PLAINTIFF'S MOTION FOR AN IMMEDIATE
TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION** (ECF No.9), **AND DENYING PLAINTIFF'S
MOTION TO TAKE JUDICIAL NOTICE** (ECF No. 10)

In this suit filed under 42 U.S.C. § 1983, plaintiff Kenneth Burton, a prisoner incarcerated at Central Michigan Correctional Facility, claims that Defendants violated his Eighth Amendment rights by denying him adequate medical care to treat his back and bladder problems.  The matter is before the Court on Plaintiff's motion for a temporary restraining order ("TRO") and preliminary injunction. Pl.'s Mot. TRO, ECF No. 9. The motion was referred to a magistrate judge, who issued a report and recommendation ("R&R") recommending the motion be denied. Plaintiff has filed objections to the recommendation. For the reasons that follow, the Court finds that Plaintiff's objections lack merit and will be overruled. The Court will adopt the recommendation of the magistrate judge and will deny Plaintiff's motions.

**FACTS**

Plaintiff filed his pro se civil rights complaint on October 28, 2011, alleging that he has been denied adequate "diagnostic procedures such as an MRI out of fiscal and job security

concerns" and that he "has been forced to acquire medical equipment (i.e., a self-catheter), on the 'black market'" to help him urinate. Compl. ¶ 1, ECF No.1. He alleges his First and Eighth Amendment rights have been violated "by MDOC officials (i.e., the Grievance Coordinator) obstructing Plaintiff's proper use of the grievance system" and alleges "[s]tate interference with his right to petition the government for redress of grievances." *Id.* His motion for a TRO and preliminary injunction focuses on his Eighth Amendment claims. Plaintiff alleges he is "in imminent danger of becoming permanently paralyzed and/or sustaining long-term bladder damage by being hindered in the ability to empty life threatening poisons from his body due to undiagnosed and/or untreated spinal injuries requiring immediate medical care." Pl.'s Mot. TRO 1, ECF No. 9. He seeks a TRO to "ensure that he receives proper medical care." *Id.* Specifically, Plaintiff requests an injunction ordering Defendants to "immediately arrange for an MRI," arrange for him to be examined by a "qualified doctor" and "the immediate production of painkiller medication necessary to reduce or mitigate Plaintiff's continuing suffering." *See id.* at 4; *see also* Compl. at pp. 20-21. Additionally, Plaintiff has filed a motion for the Court to take judicial notice of a magistrate judge's report and recommendation issued in *Rouse v. Caruso*, Case No. 06-cv-10961, 2011 WL 918327 (E.D. Mich. Feb. 18, 2011), in support of his claims.

## STANDARD OF REVIEW

A district court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. With respect to portions of an R&R that no party has objected to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, Federal Rule of Civil Procedure 72(b)(3) provides that the Court "must determine de novo any part of the

magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Thus, the Court will conduct de novo review of the R&R with respect to defendants' objections.

## PLAINTIFF'S OBJECTIONS

Plaintiff objects that the magistrate judge did not appreciate the severity of his alleged medical problems, wrongly concluded he could not show a likelihood of success on the merits of his claims, erroneously insulated defendants from Eighth Amendment scrutiny, and erred in finding Plaintiff did not plead systemic deficiencies. Pl.'s Objections, ECF No. 15. Additionally, Plaintiff asserts that the magistrate misunderstood his reliance on the magistrate judge's report and recommendation in *Rouse v. Caruso*.

The Court will first address Plaintiff's motion for the Court to take judicial notice, and his corresponding objection to the magistrate judge's recommendation regarding this issue. Plaintiff urges the Court to take judicial notice of a magistrate judge's report in *Rouse* "concluding that Mid-Michigan Correctional Facility (now Central Michigan Correctional Facility) suffers from grave systemic failures and causes prisoners unnecessary pain and suffering warranting injunctive relief." Pl.'s Mot. Judicial Not. ¶ 5., ECF No. 10. But, this is far from what the magistrate judge's report in *Rouse* concluded. All that the magistrate judge in *Rouse* recommended was that the court deny a motion to dismiss because the plaintiffs had sufficiently alleged types of systemic deficiencies against the defendant prison facility. *Rouse*, 2011 WL 918327 at *12. The magistrate judge noted that whether the *Rouse* plaintiffs could prove their allegations against the prison was not before the court and would entail a "heavy burden." *Id.*

3

Additionally, Plaintiff claims that in the instant R&R the magistrate judge erred by finding that he failed to plead systemic deficiencies. But this R&R only addresses Plaintiff's motion for a temporary restraining order and preliminary injunction. The magistrate judge notes that Plaintiff has not pled systemic deficiencies in the context of differentiating Plaintiff's case from *Rouse*. This finding is incidental, and does not affect the resolution of Plaintiff's motion for injunctive relief or the finding that Plaintiff cannot show a strong likelihood of success on the merits of his claim. Plaintiff's objections are overruled and his motion for the Court to take judicial notice (ECF No. 10) will be denied.

Plaintiff's remaining objections to the magistrate judge's recommendation that his motion be denied also lack merit. When considering a motion for preliminary injunction the Court must consider and balance the following four factors:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997). Plaintiff has a heavy burden to show that injunctive relief is warranted because "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Plaintiff's objections focus on the first and second factors. He objects that the magistrate judge did not appreciate the severity of his allegations regarding his medical condition, and wrongly concluded that he could not show a likelihood of success on the merits of his claims. He asserts that he is "in imminent danger of becoming permanently paralyzed and/or sustaining long-term bladder damage" due to undiagnosed or untreated spinal injuries. Mot. TRO ¶ 1, ECF No.9. He

further claims that he has smuggled a self-catheter "obtained on the black-market" into the prison and is using it daily to empty his bladder. Pl.'s Objections 2, ECF No. 15. But the magistrate judge's finding was not based on his failure to allege a sufficiently serious medical need. Rather, the magistrate judge recognized that to prevail on his Eighth Amendment claim, Plaintiff must show both that he had a serious medical need, and that Defendants acted with deliberate indifference to that need. *See* Report 3, ECF No. 12.

Plaintiff must "allege facts which, if true, would show the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). And he has failed to show a strong likelihood of success on the merits of a deliberate indifference claim in this regard. As the magistrate judge notes, the attachments to Plaintiff's complaint demonstrate that he has received regular medical care. Report 4, ECF No. 12. Although Plaintiff asserts that he is in bladder failure and is not being treated or diagnosed, the attachments to his complaint show that he is being treated, and simply disagrees with the medical diagnosis of his treating physicians. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5. (6th Cir. 1976). Plaintiff's self-diagnosis is not enough to show a strong likelihood of success on the merits of his claims and his objections to the magistrate's recommendation are overruled. *See, e.g., Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.")

5

Next, Plaintiff objects that the magistrate judge insulated Defendants from Eighth Amendment scrutiny by finding they provided him some medical treatment. Plaintiff misconstrues the magistrate judge's report and applicable law. The magistrate judge did not "insulate" Defendants from scrutiny. She applied the applicable legal standard which requires Plaintiff to show that Defendants acted with "reckless disregard of a substantial risk of serious harm" in order to prevail on his deliberate indifference claim. *See* Report 3-4, ECF No. 12 (quoting *Rumsey v. Mich. Dept. of Corr.*, 327 F. Supp. 2d 767, 777 (E.D. Mich. 2004)). The magistrate judge recognized, based on the attachments to the complaint, that Plaintiff has received regular medical care for his ailments, and that even if he can show Defendant's treatment was negligent or constituted medical malpractice, mere negligence is not enough to establish an Eighth Amendment violation. *Id.* (quoting *Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 544 (6th 2003)). The medical care Defendants provided must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (internal quotation omitted). The magistrate judge did not insulate Defendants from the appropriate scrutiny and Plaintiff's objection on this point is overruled.

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's Report and Recommendation is **ADOPTED** (ECF No. 12), plaintiff's motion for an immediate temporary restraining order and preliminary injunction (ECF No. 9) is **DENIED**, and plaintiff's motion for the court to take judicial notice (ECF No. 10) is **DENIED**.

**SO ORDERED.**

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III

United States District Judge

Dated: February 28, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 28, 2012, by electronic and/or ordinary mail.

                                                 Carol Cohron
                                                 Case Manager