## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KENNETH B. BURTON,

       Plaintiff,               Civil Action No. 11-cv-14768

       v.                    District Judge Stephen J. Murphy
                               Magistrate Judge Laurie J. Michelson

J. PARKS, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 17)

Plaintiff Kenneth B. Burton, a prisoner incarcerated at the Central Michigan Correctional Facility ("STF"), brought this 42 U.S.C. § 1983 civil rights case on October 28, 2011 alleging that Defendants Cannefax, Kearney, Bidlack, Bitler, Potts, Keeling, Peters, Stieve and Squier violated his Eighth Amendment rights by denying adequate medical care to treat his back and bladder pain. Plaintiff also alleges that Defendant Parks violated his First Amendment rights by failing to assign two of his grievances proper grievance identifier numbers.  (Dkt. 27, Am. Compl. at ¶ 17e.)  On February 2, 2012, MDOC Defendants Cannefax, Bidlack, Bitler, Peters, Stieve and Parks filed the present Motion for Summary Judgment.  (Dkt. 17, Defs.' Mot. Summ. J.)  Plaintiff filed a Response on March 30, 2012.  (Dkt. 43, Pl.'s Resp.)  All pretrial matters have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B).  (Dkt. 8.)  For the reasons set forth below, this Court finds that Plaintiff has failed to carry his burden regarding both his First and Eighth Amendment claims. Therefore, this Court **RECOMMENDS** that Defendants' Motion for Summary Judgment be

**GRANTED**.

## I.     BACKGROUND

Plaintiff Kenneth B. Burton ("Plaintiff") alleges that he suffers from "extreme and escalating pain" due to a compressed vertebrae, arthritis, spinal degeneration, bladder abstention and kidney stone formation.  (Dkt. 1, Pl.'s Am. Compl. at 18).   Plaintiff claims that while he was incarcerated at STF,  Defendants Cannefax, Kearney, Bidlack, Bitler, Potts, Keeling, Peters, Stieve and Squier failed to provide proper medical care by, among other things, refusing to order an MRI and provide the proper pain medication for him.  (*Id.*) As a result, Plaintiff alleges he is using a "black market" catheter that he obtained while in prison "to relieve poisons from his bladder."  (Dkt. 37, Pl.'s Am. Compl. at 1.)

Plaintiff filed several grievances regarding his medical care including separate grievances regarding the medications prescribed and the denial of an MRI.  (Dkt. 17, Defs.' Mot. Summ J., Ex. B.)  Two of these grievances were not assigned proper grievance identifier numbers.  (*Id.* at Pg ID 265, 266.)

## II.     ANALYSIS

### A.     Standard of Review

Summary judgment  is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material only if it might affect the outcome of the case under the governing law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio*

2

*Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

### B.  Plaintiff's Eighth Amendment Claim Fails as a Matter of Law

Plaintiff alleges that Defendants' approach to his medical treatment constitutes cruel and unusual punishment under the Eighth Amendment. To prevail on this Eighth Amendment claim, Plaintiff must show that Defendants acted with "deliberate indifference to his serious medical needs." *Bowman v. Corrections Corp. of America*, 350 F.3d 537, 544 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference is a "reckless disregard of a substantial risk of serious harm." *Rumsey v. Michigan Dept. of Corrections*, 327 F. Supp. 2d 767, 777 (E.D. Mich. 2004). "Mere negligence or malpractice is insufficient to establish an Eighth Amendment violation." *Bowman*, 350 F.3d at 544. The inquiry into whether a prison official acted with deliberate indifference has both an objective and subjective component. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). In order to satisfy the objective component, the prisoner must show that the medical need is "sufficiently serious." *Id*. at 702-03 (quoting *Farmer v. Brennan*, 511

3

U.S. 825, 834 (1994)).  To satisfy the subjective component, the prisoner must allege facts that show that the prison official had a "sufficiently culpable state of mind."  *Farmer* 511 U.S. at 834;*Comstock*, 273 F.3d at 703.  Plaintiff must show that the official acted with reckless disregard for a substantial risk to the prisoner, that he drew the inference regarding that risk, and that he disregarded the risk.  *Farmer*, 511 U.S. at 836-37.

With regard to the objective component, there are genuine issues of material fact regarding whether Plaintiff's  medical need  is "sufficiently serious."  *Comstock*, 273 F.3d at 702.  Plaintiff's medical records illustrate that he suffers from multiple issues including, but not limited to, mild degenerative changes in the spine, back pain, kidney stones, paresthesia[1], and urinary and constipation issues.  (Dkt. 18, Defs.' Mot. Summ. J. at Ex. E.)  Plaintiff claims, however, that his issues are much more severe, including, : "escalating spinal injury," "kidney/bladder blockage," and "bladder paralysis."[2]  (Dkt. 37, Pl.'s Am. Compl. at ¶¶ 1, 17c.)  While Plaintiff has presented no medical evidence of "bladder paralysis," he claims he can only urinate through a catheter that he purchased on the "black market," and thus, there does seem to be a dispute regarding the seriousness of Plaintiff's medical needs.  (Dkt. 37, Pl.'s Am. Compl. at 1; Dkt. 18, Defs.' Mot. Summ. J. at Ex. E.)

Regardless of this dispute, there is no dispute that Plaintiff did, in fact, receive medical

---

[1] Paresthesia is "a burning or prickling sensation that is usually felt in the hands, arms, legs, or feet, but can also occur in other parts of the body."  *National Institute of Neurological Disorders and Stroke*, http://www.ninds.nih.gov/disorders/paresthesia/paresthesia.htm.

[2] Notably, "bladder paralysis" occurs when "injury to the spinal cord leads to paralysis below the level of injury and to loss of bladder and bowel function."  *Paraplegia News*, http://findarticles.com/p/articles/mi_hb4927/is_n9_v45/ai_n32003147/.  Plaintiff has not alleged, nor is there any indication in the medical records, that Plaintiff suffered a spinal cord injury. (Dkt. 37, Pl.'s Am. Compl.; Dkt. 18, Defs.' Mot. Summ. J. at Ex. E.)

attention.  Plaintiff attaches ten Step III Grievance Responses to his Amended Complaint.  (Dkt. 37, Pl.'s Am. Compl, at App'x A-O.)  These materials verify the medical documents attached to Defendants' Motion, all of which indicate that Plaintiff received regular and frequent medical care. (*Id*.; Dkt. 18, Defs.' Mot. Summ. J. at Ex. E.)  It is well-settled in the Sixth Circuit that "[w]here a prisoner has received *some* medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) (emphasis added).  A difference of opinion regarding medical care does not constitute a "reckless disregard for a substantial risk of human harm."  *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011); *see also Almond v. Pollard*, No. 11-1555, 2011 U.S. App. LEXIS 19199, 2011 WL 4101460 at *3 (7th Cir. Sept. 15, 2011) (affirming summary judgment in a case involving a prisoner's complaints about the treatment of his back pain, explaining that the prisoner "may disagree with the course of treatment chosen, but that disagreement does not amount to deliberate indifference." (citing *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).  Therefore, Plaintiff cannot carry his burden because there is no dispute that he received *some* medical attention. All he can show is that he disagreed with the care given by Defendants.  (Dkt. 37, Pl.'s Am. Compl.) Given the regular and frequent care Plaintiff received, this disagreement does not amount to reckless disregard to his medical needs. *See Porter v. Pandya et al.*, No. 09-13511-BC, 2010 U.S. Dist. LEXIS 89732 at *6 (E.D. Mich. Aug. 31, 2010) (denying Plaintiff's Motion for Leave to Amend as futile because the record simply reflects "that Plaintiff has been receiving regular care and that Plaintiff simply continues to disagree with Defendants' conclusions regarding the specific type of pain medication that is necessary to address Plaintiff's condition and whether an MRI would serve

5

a useful medical purpose").  As such, this Court recommends granting Defendants' Motion for Summary Judgment on Plaintiff's Eighth Amendment claim.

### C.  Plaintiff's First Amendment Claim Fails as a Matter of Law

Plaintiff alleges that Defendant Parks violated his First Amendment right to access the courts by failing to assign two of his grievances proper grievance identifier numbers.  (Dkt. 37, Am. Compl. at ¶ 17e.)  To prevail on this type of access to courts claim[3], a plaintiff must show "that official action is presently denying an opportunity to litigate."  *Christopher v. Harbury*, 536 U.S. 403, 413 (2002).  "[T]he object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed."  *Id*.  For example, "in the prison-litigation cases, the relief sought may be a law library for a prisoner's use in preparing a case, or a reader for an illiterate prisoner, or simply a lawyer."  *Id*. (citations omitted).  The prisoner must show not only official action frustrating the litigation, but a "'nonfrivolous,' 'arguable' underlying claim."  *Id*. at 415 (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).  Additionally, , the prisoner "must identify a remedy that may be awarded as recompense but [is] not otherwise available in some suit that may yet be brought."  *Id*.  Indeed, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."  *Id*. at 416.

---

[3] There are two types of access to courts claims.  *Christopher v. Harbury*, 536 U.S. 403, 413 (2002).  "In the first [category] are claims that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time."  *Id*.  "The second category covers claims not in aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried, no matter what official action may be in the future."  *Id*. at 413-14.  An example of this is a police cover-up that frustrates the ability to file a claim within the statute of limitations.  *Id*. at 414.  The present  case is in the first category.

6

Applying this case law here, it is clear that Plaintiff fails to carry his burden as to the elements of this claim. It is undisputed that Defendant Parks failed to assign grievance numbers to two of Plaintiff's grievances. (Dkt. 17, Defs.' Mot. Summ. J. at 25.) However, Plaintiff fails to identify a non-frivolous, arguable underlying Eighth Amendment claim with regard to this failure. (Dkt. 37, Pl. Am. Compl. at ¶ 17e.) In the un-numbered grievances, Plaintiff complains of being prescribed Mobic by Dr. Potts, and a "generic x-ray instead of a KUB x-ray" by Dr. Keeling. (*Id.*) These complaints, like the complaints detailed above, do not give rise to an arguable Eighth amendment cruel and unusual punishment claim. (*See* Part II.B. above.) Moreover, even if these complaints did give rise to an underlying Eighth Amendment cruel and unusual punishment claim, Plaintiff fails to identify a remedy that may be awarded as recompense that could not be awarded via his Eighth Amendment claim. (Dkt. 37, Pl. Am. Compl. at 138.) In his "relief requested" section, Plaintiff asks the Court to order Dr. Potts and Dr. Keeling to "immediately arrange an MRI, . . . physical therapy, catheterization [sic] detail, or other follow-up medical treatment." (*Id.* at Pg ID 635.) He also asks the Court to order "the immediate production of painkiller medication necessary to reduce or mitigate Plaintiff's continuing suffering." (*Id.*) He does not ask for any separate remedy exclusive to his access claim. *Christopher*, 536 U.S. at 413. More specifically, Plaintiff has not pled or provided any evidence indicating how he was prejudiced by Defendant Parks' failure to assign identifying numbers to two of his grievances. As such, the MDOC Defendants have no notice as to what type of remedy could make Plaintiff whole with regard to this claim. Indeed, Plaintiff's remedy in such a case is to do exactly what he did: file another grievance, exhaust his remedies, and proceed to court. (Dkt. 37, Pl.'s Am. Compl. at ¶ 17e.) As such, this Court recommends that Plaintiff's First Amendment Claim be dismissed.

7

### D.  MDOC Defendants are Entitled to Qualified Immunity

Qualified immunity is an affirmative defense for government officials.  "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).  Given this Court's recommendations above, namely that Plaintiff's claims be dismissed because Defendants' conduct did not violate the First or Eighth Amendments, the Defendants are entitled to qualified immunity. *Id*.

### E.  Exhaustion

Given this Court's recommendations on the substance of Plaintiff's claims above, it is not necessary to address Defendants' exhaustion defense.

## III.  CONCLUSION AND RECOMMENDATION

Based on the foregoing, this Court **RECOMMENDS** that the that Defendants' Motion for Summary Judgment be **GRANTED**, and Defendants Parks, Cannefax, Bidlack, Bitler, Peters and Stieve be dismissed.

## IV.  FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and

Recommendation.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon this magistrate judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2).  Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).


s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated:  May 29, 2012


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 29, 2012.


s/Jane Johnson
Deputy Clerk