UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH B. BURTON,

      Plaintiff,                           Civil Action No. 11-cv-14768

      v.                                   District Judge Stephen J. Murphy, III
                                          Magistrate Judge Laurie J. Michelson

J. PARKS, et al.,

      Defendants.

_____/

**AMENDED REPORT AND RECOMMENDATION TO DISMISS WITHOUT
PREJUDICE PLAINTIFF'S STATE LAW CLAIMS AGAINST DEFENDANTS
HARRIET SQUIER, JOHN KEARNEY, MARVIN KEELING, AND MAURICE POTTS**[1]

      Plaintiff Kenneth B. Burton, a prisoner incarcerated at the Central Michigan Correctional Facility ("STF"), brought this 42 U.S.C. § 1983 civil rights case alleging that Defendants violated his First and Eighth Amendment rights by denying adequate medical care to treat his back and bladder pain. Plaintiff also alleges a medical malpractice claim and a tort claim of gross negligence against Defendants Squier, Kearney, Keeling and Potts. (Dkt. 37, Pl.'s Am. Compl. 137.) All pretrial matters have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 8.)

      On March 12, 2012, Defendants Squier, Kearney, Keeling and Potts filed the present Motion

---

[1] The purpose of amending this Report and Recommendation is simply to clarify that this Court's prior Report and Recommendation to dismiss Plaintiff's federal claims only pertained to MDOC Defendants Cannefax, Bidlack, Bitler, Peters, Stieve and Parks, as they were the only Defendants that joined in the motion for summary judgment. (Dkt. 46.) Thus, those same federal claims still remain as to the moving Defendants here (Squier, Kearney, Keeling and Potts). This fact, however, does not alter the Court's ultimate recommendation to decline to exercise jurisdiction over Plaintiff's state law claims.

1

to Dismiss Plaintiff's gross negligence and medical malpractice claims for failure to state a claim. (Dkt. 41, Defs.' Mot. Dismiss.) Plaintiff filed a Response on April 23, 2012. (Dkt. 43, Pl.'s Resp.) Defendants filed a Reply on May 3, 2012. (Dkt. 45, Defs.' Reply.)

For the reasons set forth below, this Court finds that the most appropriate remedy is to decline supplemental jurisdiction over Plaintiff's gross negligence and medical malpractice claims pursuant to 28 U.S.C. § 1367(c). Therefore, this Court **RECOMMENDS** that these claims be dismissed without prejudice.

## I. BACKGROUND

Plaintiff Kenneth B. Burton ("Plaintiff") alleges that he suffers from "extreme and escalating pain" due to a compressed vertebrae, arthritis, spinal degeneration, bladder abstention and kidney stone formation. (Dkt. 1, Pl.'s Am. Compl. at 18). Plaintiff claims that while he was incarcerated at STF, Defendants Squier, Kearney, Keeling, and Potts failed to provide proper medical care by, among other things, refusing to order an MRI and provide the proper pain medication for him. (*Id.*) As a result, Plaintiff alleges he is using a "black market" catheter that he obtained while in prison "to relieve poisons from his bladder." (Dkt. 37, Pl.'s Am. Compl. at 1.) This Court has already recommended dismissal of Plaintiff's constitutional claims as to the MDOC Defendants. (Dkt. 46, Report & Rec. to Grant Mot. Summ. J.)

## II. ANALYSIS

### A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a case warrants dismissal if it "[f]ails to state a claim upon which relief can be granted." When deciding a motion under Rule 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as

true," and determine whether the plaintiff has alleged "enough factual matter" to "state a claim to relief that is plausible on its face." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability," it has failed to show that relief is plausible as opposed to a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). In applying this rule to pro se plaintiffs, the Court is mindful that allegations in the complaint are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, 28 U.S.C. 1915(e)(2) "mandates that a complaint filed by a prisoner proceeding in forma pauperis be dismissed with prejudice if it is frivolous or fails to state a claim." *Hix v. Tenn. Dept. of Corrs.*, 196 F. App'x 350, 354 (6th Cir. 2006) ("When a district court determines that a complaint . . . fails to state a claim, the court lacks discretion under the PLRA to permit the plaintiff to file an amended complaint.").

### B. The Character of Plaintiff's Gross Negligence Claim

Defendants argue that Plaintiff's gross negligence claim is in reality a medical malpractice claim, and so is subject to Michigan's statutory requirements. (Dkt. 41, Mot. Dismiss, at 2.) Specifically, Defendants contend that Plaintiff must file a written pre-suit notice of his claim 182 days before filing his complaint, and must file an "affidavit of merit" signed by a medical health professional along with his complaint. (*Id.*); Mich. Comp. Laws §§ 600.2912b; 600.2912d.

This Court first must determine whether Plaintiff's gross negligence claim is in fact a medical malpractice claim. *See Jones v. Correctional Medical Servs., Inc.*, 2012 U.S. Dist. LEXIS 23412, at *43-52 (W.D. Mich. Feb. 24, 2012); *see also McLeod v. Plymouth Court Nursing Home*,

957 F. Supp. 113, 115 (E.D. Mich. 1997) (explaining that "a complaint cannot avoid the application of the procedural requirements of a malpractice action by couching its cause of action in terms of ordinary negligence.") (*citing MacDonald v. Barbarotto* 161 Mich. App. 542; 411 N.W.2d 747 (1987)). The Michigan Supreme Court has identified two elements that characterize a medical malpractice claim. *Dorris v. Detroit Osteopathic Hosp. Corp.*, 460 Mich. 26, 594 N.W.2d 455, 464-65 (Mich 1999). First, the alleged gross negligence must have "occurred within the course of a professional relationship." *Dorris*, 594 N.W.2d at 465. Second, the alleged gross negligence must "raise questions involving medical judgement," rather than "issues that are within the common knowledge and experience of the jury." *Id*. As argued by Defendants, Plaintiff's claims occurred within the course of a professional relationship with all the moving-defendants. (Dkt. 41, Mot. Dismiss at 4.) Defendants were treating his medical impairments. (*Id*.) Defendants are all medical professionals: Defendants Squier, Keeling and Potts are doctors, and Defendant Kearney is a physicians assistant. (Dkt. 37, Pl.'s Am. Compl.) Moreover, Plaintiff's claims all involve the sufficiency of medical care, which "raise[s] questions involving medical judgment." *Id*. As such, the Court finds that Plaintiff's gross negligence claim is, in fact, a medical malpractice claim.

### C. The Court's Discretion to Decline Subject Matter Jurisdiction under 28 U.S.C. § 1367(c)

This Court suggests that, rather than address the merits of Plaintiff's Motion to Dismiss, it is more appropriate for the District Court in this matter to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over Plaintiff's state law medical malpractice claims. 28 U.S.C. § 1367(c); *see also Reed-Bey v. Pramstaller*, No. 06-10934, 2012 U.S. Dist. LEXIS 39805, at *16 (E.D. Mich. Feb. 15, 2012) (Whalen, MJ), *adopted by* 2012 U.S. Dist. LEXIS 39802 (E.D. Mich. Mar. 23, 2012) ( Roberts, J). Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental

jurisdiction under the following circumstances:

>(1) the claim raises a novel or complex issue of State law;
>
>(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>
>(3) the district court has dismissed all claims over which it has original jurisdiction;
>
>(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

As mentioned, this Court has already recommended dismissing the constitutional claims in this action as to the MDOC Defendants. (Dkt. 46, Report & Rec. to Grant Mot. Summ. J.) Moreover, Plaintiff may still be within the statutory limitations period to file his claim in state court and fulfill the statutory requirements of the Michigan's malpractice law. *See Reed-Bey*, 2012 U.S. Dist. LEXIS 39805, at *16. Another compelling reason for declining jurisdiction is that "[u]nder Michigan statutory law, the requirements for a viable medical malpractice claim are substantial and involve, among other things, considerations of statutes of limitations, notices of intent, and affidavits of merit accompanying the complaint." *See Leonardson v. Sgt. Eric Peek*, No. 05-40046, 2009 U.S. Dist. LEXIS 2208, *3-4 (E.D. Mich. Jan. 13, 2009). Moreover, there is conflicting authority on whether this Michigan statutory law even applies to malpractice claims in federal courts. *Jones v. Correctional Medical Servs., Inc.*, 2012 U.S. Dist. LEXIS 23412, at * 83 (W.D. Mich. Feb. 24, 2012).

Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), a federal court deciding a state-law claim must apply state law for all substantive issues and federal law for all procedural issues. The federal district courts in Michigan appear to be split on whether Michigan's medical malpractice statutory requirements are substantive or procedural in nature.

5

*Compare Long v. Saginaw Valley Neurosurgery*, 411 F. Supp. 2d 701, 702 (E.D. Mich. 2006) ("[T]he authority on which the defendants rely address state procedural rules that are not applicable in federal court under the rule of *Erie R.R. Co. v. Tompkins* and its progeny") with *Jones v. Correctional Medical Servs., Inc.*, 2012 U.S. Dist. LEXIS 23412, at * 83 (W.D. Mich. Feb. 24, 2012) (applying the state statutes). Rather than having another federal court address this issue, the Court believes that judicial efficiency would be better served by declining jurisdiction and allowing Plaintiff to file his state malpractice claims in state court. *See Reed-Bey*, 2012 U.S. Dist. LEXIS 39805, at *16; *Getter v. Jane Doe, et al.*, No. 11-12021, 2012 U.S. Dist. LEXIS 33656, at *19 (E.D. Mich. March 13, 2012) ("[I]nterests of comity weigh against the exercise of supplemental jurisdiction given the procedural requirements in Michigan for filing a medical malpractice claim."); *Palmer v. Sainz*, No. 09-12316, 2012 U.S. Dist. LEXIS 37119, at *5 Fn 3 (E.D. Mich. Jan. 12, 2012) ("[T]o the extent [Plaintiff's] complaint raises state law medical malpractice claims, the court recommends that the District Court decline to exercise supplemental jurisdiction over them, and dismiss them without prejudice to [Plaintiff's] right to pursue them in state court."); *Ketola v. Clearwater*, No. 08-cv-31, 2008 U.S. Dist. LEXIS 104205, at *13-14 (W.D. Mich. Oct. 31, 2008) ("Where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state-law claims should be dismissed without reaching their merits.").

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, this Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** based on the federal court's discretion to decline supplemental jurisdiction over Plaintiff's state medical malpractice claims.

## IV.     FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

Date: July 13, 2012                                             s/Laurie J. Michelson
                                                                Laurie J. Michelson
                                                                United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 13, 2012.

                                                                s/Jane Johnson
                                                                Deputy Clerk